# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TYRONE L. SMITH,**
**D.O.C. # J00082,**

    **Plaintiff,**

vs.                                            Case No.  4:25cv208-AW-MAF

**GOVERNOR DESANTIS,**
**A.G. GARLAND, and**
**PRESIDENT JOE BIDEN,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, submitted a handwritten "complaint," ECF No. 1, which - out of an abundance of caution - was deemed to be Plaintiff's intent to initiate a civil rights case.  However, Plaintiff was advised of several problems which must be corrected to pursue this litigation.  ECF No. 3.  First, Plaintiff was required to provide legible facts which demonstrate why he believes he is in imminent danger, and he must clearly identify the person or persons who have put his life in danger.  *Id.*  Plaintiff was ordered to properly list those persons as Defendants in an amended

complaint.[1]  Second, Plaintiff was required to either pay the filing fee or file a motion requesting leave to proceed with in forma pauperis status.  *Id.*  A subsequent Order gave Plaintiff until **June 13, 2025**, to comply with that Order.  ECF No. 6.  As of this date, Plaintiff has not complied, despite the warning that if Plaintiff did not comply, a recommendation would be entered to dismiss this case.  *Id.*  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d

---

[1] Notably, none of the persons listed in Plaintiff's case initiating "complaint" could subject Plaintiff to imminent danger because none of those officials were located with Plaintiff at his Correctional Institution.  Plaintiff Tyrone L. Smith, DC # J00082, has "three strikes" and is, thus, subject to 28 U.S.C. § 1915(g)'s requirement that a prisoner cannot proceed with in forma pauperis status unless he is currently facing "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:25cv208-AW-MAF

1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to a Court Order.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**